**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene T. Martinez, | No. CV-12-02183-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Universal Background Screening, Inc., et al., | |
| Defendants. | |

The court has before it defendant Guardian Investigation and Document Services, Inc.'s motion to dismiss count 4 of the second amended complaint (doc. 39), plaintiff's response (doc. 43), and Guardian's reply (doc. 48).

**I**

Plaintiff Darlene Martinez alleges that she was denied employment with Scottsdale Healthcare Corporation because Universal Background Screening, Inc. ("UBS") incorrectly reported that in 2009 she was convicted of felony possession of dangerous drugs and sentenced to ten months in jail and four years probation. The information actually related to a different person named Darlene Ramirez. The false information was allegedly provided to UBS by Guardian Investigation and Document Services, Inc. ("Guardian").

On September 14, 2012, plaintiff filed her original Complaint against UBS only, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, and the

Arizona Consumer Reporting Agencies and Fair Credit Reporting Act, A.R.S. §§ 44-1691-1698.01 ("Arizona Fair Credit Reporting Act"). On February 25, 2013, we granted plaintiff's motion for leave to amend her complaint to add Guardian and Scottsdale Healthcare as defendants (doc. 23). Defendant Guardian now moves to dismiss Count 4 of the Second Amended Complaint, arguing that the claim is barred by the statute of limitations.

**II**

Plaintiff alleges in Count 4 that Guardian negligently or willfully violated § 44-1965 of the Arizona Fair Credit Reporting Act when it failed to perform a reasonable investigation of plaintiff's disputes and "verified" to UBS that the false information was correct. The parties agree that the applicable statute of limitations is A.R.S. § 12-541(5), which imposes a one-year filing deadline.

Guardian contends that plaintiff's claim accrued no later than May 16, 2011, the last date that plaintiff disputed the incorrect report. Therefore, according to Guardian, the statute of limitations ran on plaintiff's state law cause of action no later than May 16, 2012, almost a year before plaintiff first named Guardian as a defendant on February 27, 2013.

"A district court may dismiss a claim '[i]f the running of the statute [of limitations] is apparent on the face of the complaint.'" Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). A complaint cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir. 1998) (citation omitted).

Under Arizona law, a cause of action accrues and the statute of limitations begins to run when "the plaintiff knows or with reasonable diligence should know the facts underlying" the defendant's wrongful conduct that caused an injury. Doe v. Roe, 191 Ariz. 313, 322, 955 P.2d 951, 960 (1998). "Ordinarily, a cause of action accrues when 'the plaintiff knows or should have known of both the *what* and *who* elements of causation.'" Kool Radiators, Inc. v. Evans, 229 Ariz. 532, 535, 278 P.3d 310, 313 (Ct. App. 2012)

1  (emphasis in original).  Therefore, plaintiff's state law cause of action against Guardian did
2  not accrue until plaintiff knew, or with reasonable diligence should have known, that
3  Guardian supplied UBS with the false information.

4  Although the Second Amended Complaint alleges that, on or about April 12, 2011,
5  plaintiff first learned that UBS had reported the false information, SAC ¶ 22, the complaint
6  is silent as to when plaintiff discovered that Guardian had supplied UBS with the false
7  information.   Plaintiff asserts in her response to the motion to dismiss that she did not
8  discover who had supplied UBS with the false information until December 24, 2012, after
9  UBS responded to her discovery requests.  Within two months of this discovery, plaintiff
10 amended her complaint to assert claims against Guardian.  Guardian does not dispute the date
11 that plaintiff first learned of its identity.  Instead, it argues that plaintiff failed to exercise
12 reasonable diligence in identifying Guardian as a potential defendant.

13 A claim may be dismissed on the ground that it is barred by the statute of limitations
14 only when "the face of the complaint establishe[s] facts that foreclose[ ] any showing of
15 reasonable diligence." Von Saher v. Norton Simon Museum of Art, 592 F.3d 954, 969 (9th
16 Cir. 2010).  Because a determination on equitable tolling "often depends on matters outside
17 the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion."
18 Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted).

19 It is not apparent from the face of the Second Amended Complaint that plaintiff's
20 claim against Guardian under the Arizona Fair Credit Reporting Act is time barred.  Because
21 it does not appear beyond doubt that plaintiff can prove no set of facts that would establish
22 the timeliness of her claim, the motion to dismiss on statute of limitations grounds is denied.

### III

**IT IS ORDERED DENYING** Guardian's motion to dismiss Count 4 (doc. 39).

DATED this 24th day of June, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge